## UNITED STATES v. RHOADS et al.

### Cr. No. 70424.

District Court of the United States for the District of Columbia.

Dec. 2, 1942.

John J. Wilson, of Washington, D. C., for Robert B. Rhoads.

Arthur G. Hays, of New York City, and Robert E. Lynch, of Washington, D. C., for Ralph L. Glaser.

Edward J. Hess and Theodore E. Rein, both of Chicago, Ill., and Jeff Busby, of Washington, D. C., for Louis E. Emerman.

Arthur G. Lambert, Chas. S. Baker, Warren E. Magee, and Carroll L. Beedy, all of Washington, D. C., for Frank L. O'Brien and Clarence J. O'Brien.

LAWS, Associate Justice.

In my opinion the demurrer to the indictment in this case should be overruled. Since they may be of assistance to counsel in preparing the case for trial, I shall state briefly my views with respect to the principal points argued before me.

 (a) The indictment appears clearly to state an offense. It sets forth that five defendants, two of them employees of the War Production Board charged with the specific duty of carrying out a law requiring materials and tools to be made immediately available for defense of the Government during a declared emergency, conspired together to delay and frustrate the making available for defense purposes of a number of valuable used tools. The gravamen of the offense is conspiring to delay and withhold valuable tools from defense use, to the injury of the United States. There can be no question but that this constitutes conspiracy to do a criminal act, since the Courts repeatedly have held that interference with a Governmental function of the United States constitutes a defraud-ing of the United States within the meaning of Section 88, Title 18, U.S.C.A.

(b) I find nothing vague, indefinite or misleading in the indictment, so far as any defendant is concerned.

██ While it is true some defendants are alleged to have dealt in legal opposition to others by reason of contractual relationships, nevertheless the benefit of each depended upon accomplishing the object of the conspiracy and all defendants are alleged to have united in and agreed upon the wrongful object. Where the wrongful object of a conspiracy is charged against all defendants, the crime is not excused because some defendants have different benefits from others and to that extent may be acting in legal opposition to others charged with the wrong.

██ (c) In my opinion, questions as to the Constitutionality of the Acts of Congress requiring the reporting and the making available of war materials and the Constitutionality of the delegation of powers by Congress are not available upon demurrer to the indictment, being collateral to the issues raised.

██ There seems to me to be a distinction between this case, which involves a conspiracy to defraud by interference with a Governmental function imposed by an alleged unconstitutional statute, and a case which involves a conspiracy to violate an alleged unconstitutional statute. In law, it is well recognized that either the means or the end of a conspiracy must be evil. Plainly it is an evil, a wrong of grievous character, to frustrate or impede a Government function, whether that function is to be performed as a part of a Constitutional or an unconstitutional law. The wrong is the frustration and impeding, and it exists whether the law is Constitutional or not. On the other hand it cannot be that an evil is committed when a statute creating the evil or wrong has no lawful existence. In such a case there is no evil or wrong in the agreement alleged as the conspiracy and there is no evil or wrong in the object alleged. Therefore, in the latter case the attack on the indictment is direct; but here it seems plain to me the attack is collateral.

The other points raised have been considered and found without merit.

Demurrer overruled.